Gary ANDERSON, Plaintiff–Appellant,

v.

U.S. DEPARTMENT OF JUSTICE, Defendant–Appellee.

No. 07–2284–cv.

United States Court of Appeals, Second Circuit.

May 4, 2009.

Gary Anderson, Brooklyn, NY, pro se.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Varuni Nelson and Timothy D. Lynch, Assistant United States Attorneys, Brooklyn, NY, for Appellees.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Appellant Gary Anderson, *pro se*, appeals from the district court's grant of the defendant's motion for summary judgment dismissing his complaint that alleged violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Halpern v. Fed. Bureau of Investigation*, 181 F.3d 279, 287 (2d Cir.1999). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment [wa]s sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir.2003) (internal quotation marks omitted).

"In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA." *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994); *see also* 5 U.S.C. § 552(a)(4)(B). "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden." *Carney*, 19 F.3d at 812 (footnote omitted). "Affidavits submitted by an agency are accorded a presumption of good faith." *Id.* (internal quotation marks omitted). "[O]nce the agency has satisfied its bur-

den, the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate." *Id.* (citation omitted).

The record reveals that the Department of Justice's search was reasonable and adequate. The Department conducted two searches for the alleged records Anderson identified, both of which failed to identify any records regarding Anderson. It also provided a detailed description in affidavits accompanying its summary judgment motion that explained the operation of the internal database that was used to conduct the searches. Anderson failed to rebut the presumption that those affidavits were executed in good faith.

We have considered all of Anderson's remaining claims of error and determined that they are also without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**